# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEBORAH K. RUSSELL, et. al.,

    Plaintiffs

v.

SANILAC COUNTY, et. al.,

    Defendants

_____/

Case No. 14-13134

Hon. Lawrence P. Zatkoff

**FILED**

SEP 29 2014

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

## RESPONSE TO SHOW CAUSE

On September 8, 2014, Hon. Lawrence P. Zatkoff ordered plaintiff to show cause regarding your Honor having appropriate jurisidiction over defendants Patrick R. Quintano, Sr. and Jeanette Tropf Quintano in this matter under 28 U.S.C. § 1331. Plaintiff states as follows:

That Quintano Defendants were given authority of custody and care of the minors R.Q., J.Q. and M. Q. by Sanilac County Child Protective Services by means of executing a Power of Attorney, making Quintano Defendants state actors in part. As previous court records prove in case no. 06-31401-DZ on numerous occassions the Quintano Defendants interfered in plaintiffs' court order for Grandparenting Time without regard to the laws and depriving the plaintiffs of their First Amendment Right to Association maliciously and to cause plaintiffs great emotional distress by telling minor plaintiffs that "if I had anything to do with it, you would never see her (Plaintiff Russell) again" and "Grandma Debbie doesn't want you anymore".

That in depriving all plaintiffs of their Fist Amendment Right to Association, the Quintano Defendants conspired with Sanilac County Child Protective Services to prevent minor

plaintiffs from reporting to Plaintiff Russell of further abuse, neglect and drug exposure which does violate 18 U.S.C. § 241, Conspiracy Against Rights and 18 U.S.C. § 1001, to further create emotional distress and harm for all plaintiffs.

That the Quintano Defendants knowingly and willfully deprived plaintiffs of their rights afforded them under 18 U.S.C. § 242, Deprivation of Rights Under Color of Law by executing the Power of Attorney.

That the Quintano Defendants willfully, knowingly and maliciously violated 42 U.S.C. § 1985, Conspiracy to Interfere With Civil Rights and again 18 U.S.C. § 1001, by conspiring with Sanilac County Child Protective Services to interfere in Plaintiffs' court ordered visitation to further cause emotional distress and harm by providing fabricated and false information and by omitting relevant true information to the courts to prevent Plaintiffs' rights from being violated.

That as previous court records of case no. 06-31401-DZ, that the Quintano Defendants intentionally and with malice did in fact on numerous occassions interfere in Plaintiffs' court order by verbally and physically attacking Plaintiff Russell in the presence of the minor plaintiffs as well as making negative, hurtful and fearful verbal remarks against Plaintiff Russell to the minor Plaintiffs, falling under 42 U.S.C § 3617, Interference, Coercion, or Intimidation.

That the Quintano Defendants on numerous occassions violated all Plaintiffs' 14th Amendment rights by intentional or reckless acts defined as being, "a reckless disregard for the likelihood of causing emotional distress..." by disparaging Plaintiff Russell to minor Plaintiffs to the point of telling minor Plaintiffs "Grandma Debbie doesn't want you anymore". That the Quintano Defendants' behavior and conduct is so extreme and outrageous being definded as "the conduct must be so heinous and beyond the standards of civilized decency or utterly intolerable in a civilized society" by verbally and physically attacking Plaintiff Russell in the presence of the minor Plaintiffs upon the return of the minors after visitations. Prior court records will prove to these incidents occurring which in fact led two Judges ordering Defendant Jeanette Tropf Quintano from interfering in the relationship between the plaintiffs. However that did not stop the incidents.

That in Elrod v Burns, 96 S Ct 2673; 427 US 347 (1976), states "Loss of First

Amendment freedoms for even minimal periods of time unquestionably constitutes irreparable injury" therefore due to the Quintano Defendants, interference, intentional infliction of emotional distress, and total disregard for the plaintiffs' bond and familial association this court does have jurisdiction to include the Quintanos as Defendants.

That in in Gross v State of IL, 312 F2d 257 (1963) it is stated, "State judges as well as Federal, have the responsibility to respect and protect persons from violations of Federal Constitutional rights.

Therefore, Plaintiffs request that Patrick R. Quintano, Sr. and Jeanette Tropf Quintano remain as defendants as submitted in the original filing of this case due to their part in intentionally and maliciously depriving all plaintiffs of their First Amendment Rights motivated by the Quintano's jealousies, abusive and neglectful behavior towards all the plaintiffs.

Date: 9/24/14

Deborah K. Russell



METROPLEX MI 480
26 SEP 2014 PM 3 L

United States District Court
for The Eastern District of Michigan
Office of the Clerk
231 West Lafayette Blvd., Room 564
Detroit, MI 48226

**FILED**

SEP 29 2014

CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

D. Russell
3260 N. Banner Rd.
Sandusky, MI 48471