## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**DEBORAH K. RUSSELL,** *et. al.,*

        Plaintiff,                            Case No. 2:14-cv-13134

vs.                                           Hon. Lawrence P. Zatkoff

**SANILAC COUNTY,** *et. al.,*

        Defendants.

---

**DEBORAH K. RUSSELL**
In Pro Per Plaintiff
6957 Burnsline Road
Lexington, MI 48450
(810) 710-7076

**JOHN B. McNAMEE (P27939)**
JOHN B. MCNAMEE, P.C.
Attorney for Defendant Borkowski
1423 Pine Grove Avenue
Port Huron, MI 48060
(810) 982-2020

**GREGORY T. STREMERS (P45006)**
TOUMA WATSON WHALING COURY
CASTELLO & STREMERS, PC
Attorney for Defs. Sanilac County, Russell
Clark, Heather Zang, David Clabeusch,
and Eric Scott
316 McMorran Blvd.
Port Huron, MI 48060
(810) 987-7700

**JOHN G. FEDYNSKY (P65232)**
MICHIGAN DEPT. OF ATTORNEY GENERAL
Attorney for Defs. MI Dept of Human Services,
Heidi Krause, Kris Kreger, Jaymie Reinke,
Shelley Marnar, Jodi Shinn, Deborah Walbecq,
William Weston, and Steve Yeager
525 W. Ottawa Street
Lansing, MI 48933
(517) 373-1110

**BRIAN D. EINHORN (P13130)**
COLLINS EINHORN FARRELL PC
Attorney for Defendant Judge Ross
4000 Town Center, Suite 909
Southfield, MI 48075-1473
(248) 355-4141

---

## DEFENDANT ELAINE BORKOWSKI'S MOTION FOR SANCTIONS
## PURSUANT TO FED. R. CIV. P.11

COMES NOW Defendant Elaine Borkowski and hereby moves this Court for entry of an

Order of sanctions against Plaintiff Deborah K. Russell, pursuant to Fed. R. Civ. P. 11(b) and in

support thereof, state as follows:

## I.     INTRODUCTION

Defendant Borkowski is a sole practitioner in Sanilac County, Michigan.  Defendant Borkowski has incurred significant out of pocket attorney fees defending this frivolous lawsuit. The federal courts are not a vehicle for litigants, whether *pro se* or represented, to harass others by filing frivolous claims which wholly lack any conceivable merit under the existing facts or laws.

Rule 11 sanctions in this matter are appropriate to deter future abusive litigation that may be contemplated by Plaintiff Russell, and to compensate Defendant Borkowski for the amounts that have been incurred in responding to the instant matter.

## II.     PERTINENT FACTS

Plaintiff Deborah Russell disagreed with the Michigan Circuit Court decision to suspend her grandparenting time when the Michigan Department of Human Services removed her grandchildren from her son's care.  Due to the fact that she disagreed with Michigan's lawful suspension of her grandparenting time, Plaintiff Russell responded by suing any person or entity that was involved with the Michigan Circuit Court Child Protective Services court case.

Defendant Elaine Borkowski was a court appointed attorney who was paid approximately $100.00 per court appearance and received no other compensation for the work she did in between court appearances in her capacity as guardian ad litem for the minor child in the Michigan court case.  Defendant Borkowski, in her role of guardian ad litem, had no effect whatsoever on the court's decision to suspend the Plaintiff's grand parenting time.  Nonetheless, due to this frivolous lawsuit she has had to incur more than $2,000.00 in costs and attorney fees which have been paid directly out of her pocket.  Simply put, this frivolous lawsuit has cost her

almost two times as much to defend when compared to the amount she was paid as a court appointed attorney.

On October 17, 2014, Defendant Borkowski filed a Rule 12 Motion because Defendant Borkowski believes this case lacks subject matter jurisdiction, the Plaintiff does not have standing and because the Plaintiff failed to state a claim.  For the purpose of this Motion, Defendant Borkowski incorporates the Statement of Facts, Law and Argument in her Rule 12 Motion by reference.

## III.    APPLICABLE LAW AND ARGUMENT

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." *See* Fed. R. Civ. P. Rule 11(b).  An improper purpose may be inferred from the filing of frivolous papers.  *See In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990).  The standard is an objective one; whether a reasonable party would have acted in a particular way.  *See Chambers v. NASCO Inc.*, 501 U.S. 32, 47 (1991).  "The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed document alleged to be the basis of the Rule 11 sanction."  *Sussman v. Salem, Saxon and Nielsen, P.A.,* 150 F.R.D. 209, 213 (M.D. Fla. 1993). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers."  *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001); *see also, Sussman*, 150 F.R.D. at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.").

Three (3) types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and (3) when a party files a pleading in bad faith or for improper purpose." *Didie v. Howes*, 988 F.2d 1097 (11th Cir. 1993) (citations omitted).  Rule 11 sanctions are **mandatory** when a signed paper is submitted to the court under the aforementioned conditions. *See Schramek v. Jones*, 161 F.R.D. 119, 122 (M.D. Fla. 1995) (emphasis added).

Like an attorney, "[a] pro se litigant is subject to Rule 11, which imposes sanctions for the filing of baseless or frivolous lawsuits." *Id.*

Although Rule 11 specifically contemplates sanctions in the form of an award of attorneys fees, the award of fees "is but one of several methods of achieving the various goals of Rule 11." *See Doering v. Union County Bd. of Chose Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).  In fact, Rule 11 states that "[t]he sanction may include nonmonetary directives." *See* Rule 11(c)(4).

Rule 11 does not enumerate factors a court should consider in deciding the appropriate sanction for a Rule 11 violation. *See* Fed. R. Civ. P. 11 Advisory Committee Notes (1993). Rather, a trial court has broad discretion to choose the nature and the amount of the sanction to achieve the deterrent purposes of Rule 11. *See DiPaolo v. Moran*, 407 F.3d 140, 146 (3rd Cir. 2005).

## IV.   AS APPLIED

### 1. No Reasonable Factual Basis.

Plaintiff's pleading has no reasonable factual basis.  The Plaintiff was upset that she had her grandparenting time suspended.  In her Complaint, only one paragraph is devoted to

Defendant Borkowski.  In that paragraph, Plaintiff states that Defendant Borkowski withdrew at some point during the child protective proceedings because she had previously represented Plaintiff's son in a previous court case.  This had no effect on her grandparenting time and thus her pleadings have no reasonable factual basis.

### 2.  *Plaintiff filed a pleading that is not based on a legal theory that has a reasonable chance of success.*

Defendant Borkowski is a privately employed attorney.  Defendant Borkowski is not a state actor (see Rule 12 Motion filed on October 17, 2014 by Defendant Borkowski).  The Plaintiff's claims that Defendant Borkowski violated her First, Fourth and Fourteenth Amendment rights have no reasonable chance of success.  Plaintiff although pro se, has failed to do her due diligence in familiarizing herself with applicable federal law before filing this lawsuit.

Rule 11 imposes an affirmative duty of inquiry.  *See Holgat v. Baldwin*, 425 F. 3d 671, 675-77 (9th Cir. 2004) (an attorney must conduct an objectively reasonable inquiry into the facts of law to make sure the complaint is well-founded).

### 3.  *Plaintiff filed the pleading in bad faith and for an improper purpose.*

The Plaintiff disagreed with a state court's finding that the temporary suspension of her grandparenting time was in the children's best interests due to the fact that Child Protective Services had removed the children from her son.  Due to the factual finding made by the Michigan Circuit Court, Plaintiff now asks this Court to reiterate the same issues to punish anyone involved at the state court decision making level.  The Plaintiff brought this lawsuit in bad faith and to harass Defendant Borkowski and anyone else involved with the Michigan state court case.

## V.      CONCLUSION

For the foregoing reasons, Defendant Elaine Borkowski respectfully requests that this

Court enter an Order of sanctions against Plaintiff Russell and award Defendant Elaine

Borkowski reasonable attorney's fees in the amount of $2,000.00 incurred in responding to the

instant action.

Respectfully submitted,

Dated:  December 16, 2014            /s/ *John B. McNamee*
                                     JOHN B. McNAMEE (P27939)
                                     Attorney for Defendant Borkowski
                                     1423 Pine Grove Avenue
                                     Port Huron, MI  48060
                                     (810) 982-2020
                                     **mcnameelaw@msn.com**

## RULE 11(c)(2) CERTIFICATE

Pursuant to Rule 11(c)(2), I hereby certify that on the 13th day of November, 2014, I

served by first class mail, postage prepaid, upon Plaintiff, Deborah K. Russell, a copy of the

foregoing Defendant Elaine Borkowski's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11,

together with a letter stating as follows:

> Pursuant to Fed. R. Civ. P. 11(c)(2), attached is a service copy of
> the Fed. R. Civ. P. 11 Motion for Sanctions of Defendant Elaine
> Borkowski ("Motion for Sanctions") which we are providing to
> you.  We demand you dismiss with prejudice your claims against
> Defendant Elaine Borkowski within 21 days of the date of this
> letter.  If you refuse to dismiss your claims against Defendant
> Elaine Borkowski, then we will be forced to file the attached
> Motion for Sanctions with the Court.

/s/ *John B. McNamee*
John B. McNamee

6

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 16, 2014, I electronically filed the foregoing

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMPLAINT using the ECF system which will send notification of such filing to Plaintiff

Deborah K. Russell (debkruss@yahoo.com) (In Pro Per Plaintiff), and counsel of record,

Gregory T. Stremers (gtstremers@twwcc.com), John G. Fedynsky (fedynskyj@michigan.gov),

and Brian D. Einhorn (brian.einhorn@ceflawyers.com).

I hereby further certify that on December 16, 2014, I mailed by United State Postal

Service the same to the following non-ECF participants:

>  Elizabeth V. Weisenbach
>  Attorney at Law
>  128 W. Huron Avenue
>  Bad Axe, MI  48413
>
>  Heather Main
>  Attorney at Law
>  48 S. Elk Street
>  P.O. Box 286
>  Sandusky, MI  48471

Respectfully submitted,

Dated:  December 16, 2014                      /s/ *John B. McNamee*
                                               JOHN B. McNAMEE (P27939)
                                               Attorney for Defendant Borkowski
                                               1423 Pine Grove Avenue
                                               Port Huron, MI  48060
                                               (810) 982-2020
                                               mcnameelaw@msn.com