IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

**DEBORAH K. RUSSELL,** *et. al.*,
        Plaintiff,       Case No. 1:14-cv-13134
vs.      Hon. Lawrence P. Zatkoff

**SANILAC COUNTY,** *et. al.*,
Defendants.

___

| | |
|---|---|
| **DEBORAH K. RUSSELL** | **JOHN B. MCNAMEE** (P27939) |
| In Pro Per Plaintiff | John B. McNamee, P.C. |
| 3250 N. Banner Rd. | Attorney for Defendant Borkowski |
| Sandusky, MI 48471 | 1423 Pine Grove Ave. |
| (810) 710-7076 | Port Huron, MI 48080 |
| | (810) 982-2020 |
| | |
| **GREGORY T. STREMERS (P45006)** | **JOHN G. FEDYNSKY (P65232)** |
| Touma Watson Whaling Coury | Michigan Dept. Of Attorney General |
| Castello & Stremers, PC | Attorney for Defs. MI Dept of Human |
| Attorney for Defs. Sanilac County, Russell | Services, Heidi Krause, Kris Kreger, Jaymie |
| Clark, Heather Zang, David Clabeusch, | Reinke, Shelley Marnar, Jodi Shinn, |
| and Eric Scott | Deborah Walbecq, William Weston, and |
| 316 McMorran Blvd. | Steve Yeager |
| Port Huron, MI 48060 | 525 W. Ottawa Street |
| (810) 987-7700 | Lansing, MI 48933 |
| | (517) 373-1110 |

**BRIAN D. EINHORN (P13130)**
Collins Einhorn Farrell PC
Attorney for Defendant Judge Ross
4000 Town Center, Suite 909
Southfield, MI 48075-1473
(248) 355-4141

___

**PLAINTIFF DEBORAH K. RUSSELL'S RESPONSE TO DEFENDANT ELAINE BORKOWSKI'S MOTION FOR**

**SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

    NOW COMES Plaintiff Deborah K. Russell and hereby respectfully requests this court deny Defendant Elaine Borkowski's Motions for Sanctions pursuant to Fed. R. Civ. P 11(b) and states as

follows:

That Defendant Elaine Borkowski's "Motion For Sanctions" must be denied by this court due to failing to provide legally acceptable evidence of her claims that Plaintiff has filed this lawsuit with this court to harass her and all other defendants. While Mr. McNamee on behalf of his client Defendant Borkowski, chose to entertain this court with inaccurate, belittling, abusive and derogatory statements against Plaintiff Russell, they fail to provide evidence supporting their claims on any level to meet the requirements for Rule 11 sanctions.  The defense cannot substantiate a claim with personal opinion and in the attempt to provide dilatory defense to distract this court from seeing that the intentional devious and deceptive acts committed by Defendant Borkowski and all other defendants, did in fact deprive Plaintiff and most importantly the Minor Plaintiffs' of their constitutional rights to due process and equal protection of the laws. Wallis v Spencer, 202 F. 3d. 1126, 1138 (9th Cir. 2000); Government Code 820.21 of 42 U.S.C. § 1983; 5 CFR 2635, Sec. 101 parts (a), (e), (h), (k), (m) and (n); 18 U.S. Code § 241, 242, and 2384; and 42 U.S. Code § 1985, 3617, and 12203.

Let it be known that Plaintiff on behalf of herself and most importantly the minor Plaintiffs, filed this claim with this court for reasons of holding Defendant Borkowski and all other defendants accountable for their illegal and unethical intentional actions that intentionally deprived Plaintiff and most importantly Minor Plaintiffs' of their First Amendment Constitutional Rights entitling them to the Right to Familial Association, Schultz v Wilson, 304 Fed. Appx. 116, 120 (3rd Circuit 2008); Zablocki v Redhail, 434 U.S. 374, 388 (1978); Elrod v Burns 96 S Ct 2673; 427 U.S. 347 (1976); Santosky v Kramer, 102 S Ct. 1388, 455 U.S. 745 (1982); Smith v Org. of Foster Families for Equality and Reform, 431 U.S. 816, 845 (1977); their Fourth Amendment Rights entitling them to the right to not be seized without probable cause, Robinson v Via 821 F. 2d. 913 (2d. Cir. 1987); and their Fourteenth Amendment Rights entitling them to due process and equal protection of law. Griswold v Connecticut, 381 U.S. 479 (1965); Moore b City of East Cleveland, 431 U.S. 494, 97 S Ct. 1932, 52 L. Ed. 2d 531 (1977)

Defendant Borkowski admittedly having her own practice should be educated in all laws of the State of Michigan, the U. S. Constitution, including and most vitally important the Federal Fostering Connections to Success and Increasing Adoptions Act of 2008, since that is what she was entrusted to provide to Minor Plaintiffs, and to prevent any error on her behalf.  However, due to her need for financial gain and total disregard for the laws and most importantly to defraud the Minor plaintiffs' of their rights to appropriate and proper representation as their AGAL she did in fact deprive Plaintiff and most importantly Minor Plaintiffs' of their First Amendment Rights to Familial Association, and their Fourteenth Amendment Rights to due process and equal protection of the laws.  There is no question that Defendant Borkowski's acts were not a mere oversight but an intentional fraudulent act committed with malice for a financial gain and also committed without regard to the laws of the State of Michigan.

Defendant Borkowski admits that she was paid to be the Minor Plaintiffs' GAL, making her a state actor and employee pursuant to 5 CFR 2635, Sec. 503. However Defendant Borkowski fails to make it known to this court that she was dismissed from the appointment when it was made known eighteen (18) months later by defending father's attorney Mr. VanNorman, that she knowingly had a conflict of interest and should have declined the appointment. However, as it is customary in Sanilac County, due to the unethical practices of Sanilac County DHS, Sanilac County court officials and conspiring court appointed attorneys fearing loss of income, proper representation, acknowledgement of parties' Constitutional Rights and the concept of total regard for the laws of the State of Michigan do not exist. Therefore Defendant Borkowski did in fact violate 18 U.S.C. 1001(a) (1-3). At the time that Defendant Borkowski's deception was brought before the court she did state that "this discussion had been brought before the court and it was agreed to not being a problem by any party." The hearing was adjourned by Referee Heather Zang until court staff could find where this "discussion" did take place on record. However, it was determined that no such "discussion" was found on record resulting in dismissal of Defendant Borkowski without any sanctions or punishment for her obvious intentional deception, fraud and perjury to obtain a financial gain.

Plaintiff does not doubt that Defendant Borkowski did have a discussion with other defendants but as it is customary in Sanilac County, it was outside of the courtroom and off the record to intentionally deprive individuals of their Constitutional Rights. In fact, Plaintiff had previously witnessed Defendant Borkowski talking with County Clerk staff about a case and seeking advice to handling it when Plaintiff, her Granddaughter and other patrons were in the Sanilac County Clerk's office.

Pursuant to FRCP 11(c)(1) and as stated in Gross v State Of IL, 312 F. 2d 257, and I quote, "State Judges as well as Federal, have the responsibility to respect and protect persons from violations of Federal Constitutional Rights" and 28 USCA § 2411; Pfizer v Lord 456 F. 2d 257, it is quoted, " Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality". Therefore, this court has the legal obligation to levy sanctions against Mr. McNamee and his client Defendant Borkowski, for so arrogantly admitting that they have in fact used this court to harass, intimidate and instill fear of financial loss towards Plaintiff Russell by abusively threatening her with sanctions if she did not dismiss her claims, all without providing factual evidence to support their inaccurate claims and statements and to deter any further dilatory defenses.

Mr. McNamee on behalf of his client did in fact violate 18 U.S.C. 1001(a)(3) and FRCP 5 by certifying that the 13th day of November, he did in fact serve upon Plaintiff Deborah K. Russell by regular mail, a copy of Defendant Borkowski's Motion For Sanctions along with a letter. Rule 5(b)(2)C, requires that such service be made to parties last known address. However, Mr. McNamee failed to review

previous documents on file which does provide Plaintiff Russell's address as being 3250 N. Banner Rd., Sandusky, MI 48471 and not 6957 Burns Line Rd., Lexington, MI 48450. Plaintiff did in fact inquire about such mailing be received by her son who lives at the Lexington address and she was told that no mail has came for her at that address. Plaintiff did not receive it at her current address as well. Therefore, Plaintiff assumes such mailings were not served as required. Also, Mr. McNamee provided this court with certifications that contain conflicting dates and documentation titles compared to those listed on the PACER system. Therefore, Defendant Borkowski's Motion For Sanctions must be denied for failure to serve and improper service.

      Mr. McNamee and his client Defendant Borkowski have in fact, filed this frivolous Motion for Sanctions to further harass Plaintiff and to cause unnecessary delay, FRCP 11(b) (1). Plaintiff's claims are in fact warranted by existing law, FRCP 11(b) (2). Plaintiff's factual contentions do in fact have evidentiary support and will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, FRCP 11(b)(3). Mr. McNamee and his client Defendant Borkowski have failed to provide accurate specific conduct of Plaintiff pursuant to FRCP 11(c)(2), instead making inaccurate statements of Plaintiff's reasoning and thought process, which cannot be assumed, substantiated or determined by Mr. McNamee or Defendant Borkowski. Therefore, Defendant Borkowski's Motion For Sanctions must be denied.

**QUESTIONS:**

      1.  Did Defendant Borkowski's intentional illegal and unethical acts deprive Plaintiff and Minor Plaintiffs' of their First, Fourth and Fourteenth Amendment Rights?

      Plaintiff answers: YES

      2. Does Plaintiffs have supporting evidence to support all claims against Defendant Borkowski and all other defendants?

      Plaintiff answers: YES

      3.  Are court transcripts legally binding evidence?

      Plaintiff answers: YES

      4.  Is it obvious that Defendant Borkowski's Motion For Sanctions is nothing more than an attempt to intentionally harass, intimidate and instill fear of financial loss towards Plaintiff Russell and to delay proceedings?

      Plaintiff answers: YES

**CONCLUSSION**

        Plaintiff respectfully requests that this court deny Defendant Borkowski's Motion For Sanctions due to Defendant Borkowski failing to meet the requirements necessary under FRCP 11(b) and lack of service and improper service pursuant to FRCP 5(b)(2)C; to order sanctions against Mr. McNamee and Defendant Borkowski for intentionally using this court to harass, intimidate, and instill fear of financial loss towards Plaintiff Deborah K. Russell in the amount equal to what Defendant Borkowski illegally received as payment for services provided merely for a financial gain as Minor Plaintiffs' GAL, plus $500 to deter further dilatory defenses; and to proceed to trial in a timely manner without further delay.

Dated: January 3, 2015

Deborah K. Russell
3250 N. Banner Rd.
Sandusky, MI 48471
(810)710-7076

Certificate Of Filing and Service

I certify that on January 7, 2015 I electronically filed the forgoing **PLAINTIFF DEBORAH K. RUSSELL'S RESPONSE TO DEFENDANT ELAINE BORKOWSKI'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11,** using the ECF system which will send notification of such filing to John B McNamee Attorney for Defendant Borkowski mcnameelaw@msn.com , and counsel of record, Gregory T. Stremers (gtstremers@twwcc.com), John G. Fedynsky (fedynskyj@michigan.gov), and Brian D. Einhorn (brian.einhorn@ceflawyers.com).

I hereby further certify that on January 7, 2015, I mailed by United State Postal Service the same to the following non-ECF participants:

Elizabeth V. Weisenbach
Attorney at Law
128 W. Huron Avenue
Bad Axe, MI 48413

Heather Main
Attorney at Law
48 S. Elk Street
P.O. Box 286
Sandusky, MI 48471

Deborah K. Russell<br>
Plaintiff, Pro Per<br>
3250 N. Banner Rd.<br>
Sandusky, MI 48471<br>
(810) 710-7076<br>
debkruss@yahoo.com