# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEBORAH K. RUSSELL, et al.
      Plaintiffs,

v.

Case No. 14-13134
HON. TERRENCE G. BERG

SANILAC COUNTY, et al.
      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKT. 14, 15, 16, 21, 22), DENYING DEFENDANT BORKOWSKI'S MOTION FOR SANCTIONS (DKT. 29), AND DENYING AS MOOT DUPLICATE MOTIONS TO DISMISS (DKT. 17, 18, 19)**

Presently before the Court are nine motions including Defendant Elaine Borkowski's ("Borkowski") motion to dismiss (Dkt. 14), Defendants Michigan Department of Human Services' ("DHS") and named employees' motion to dismiss (Dkt. 15), Defendants Sanilac County's and named employees' motion dismiss (Dkt. 16), Defendants Sanilac Department of Child Protective Services' ("CPS") and Department of Human Services' ("DHS") Motion to Dismiss (Dkt. 21), Defendant Gregory Ross's motion to dismiss (Dkt. 22), Defendant Borkowski's motion for sanctions (Dkt. 29), and three duplicate motions, (Dkt. Nos. 17-19). For the reasons set forth below, Defendants' Motions to Dismiss (Dkt. Nos. 14, 15, 16, 21, 22) **ARE GRANTED**; Borkowski's Motion for Sanctions (Dkt. 29) **IS DENIED** and the duplicate motions (Dkt. Nos. 17-19) **ARE DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case grew out of a custody dispute in the Sanilac County Circuit Court involving Plaintiff Deborah K. Russell's grandchildren. Plaintiff is the paternal grandmother of three children, R.Q., M.Q. and J.Q. (the "children.") (Dkt. 1, p. 3). In 2006, Plaintiff obtained visitation rights to visit two of the children, R.Q. and J.Q., with the consent of the children's parents. (*Id.* at pp. 6-7).[1] At the time, the grandchildren resided with their mother, Rebecca Kloss. (*Id.* at p. 3). Somewhere between 2009 and 2010, the children were removed from their mother's home and placed in the custody of their father—Plaintiff's son. (*Id.*) On or about November 16, 2012, the children were removed from their father's home and returned to live with their mother. (*Id.* at p. 4). Plaintiff last visited the children on November 23, 2012. (*Id.* at p. 5). Although the children were returned to their mother, the Sanilac County CPS had an open case regarding her continued custody of the children. (*Id.* at p. 8). During the course of the custody case, Plaintiff's visitation rights were suspended on December 12, 2012. (*Id.* at p. 12).

Plaintiff alleges that the social workers handling the children's case ignored her concerns and were indifferent to the best interests of the children. Plaintiff had deep misgivings regarding Ms. Kloss's custody of the children and attempted to contact Defendant Krause, the CPS caseworker handling the children's case. (*Id.* at pp. 9-10). Plaintiff claims that Ms. Krause ignored her repeated attempts to contact her. (*Id.*) Further, she alleges that Krause made inappropriate statements

---

[1] Plaintiff never possessed visitation rights to M.Q. (*Id.* at p. 7).

2

indicating that she did not care about what happened with the children. (*Id.* at p. 10). Plaintiff also alleges that she raised Krause's improper conduct with Krause's supervisors and with the court-appointed guardian ad-litem but was ignored. (*Id.*)

Later on, Plaintiff filed a motion to intervene in the custody dispute and requested the allocation of parental rights. On April 25, 2014, the Honorable Gregory Ross of the Circuit Court for the County of Sanilac denied Plaintiff's motion. (Ross Order Dkt. 16; Ex. 1).[2] He stated:

> Basically, it seems like [the] grandmother does not approve of the placement of the children with their mother. DHS, the prosecuting attorney, and the L-GAL have recommended, and the Court has found that placement of the children with their mother, Rebecca Kloss, is in their best interest, and is a safe placement for them. The cited law does not allow for her to intervene in this child protective proceeding as a grandparent of the minor child where both parents are participating in these proceedings.

(*Id.* at p. 2-3). Judge Ross also declined to lift the ongoing suspension of Plaintiff's grandparent visitation privileges. (*Id.* at p. 3).

Eventually, Ms. Kloss retained custody of the children and Plaintiff's visitation rights were terminated. (Dkt. 1). Plaintiff claims that these decisions were the result of a concerted effort by social workers, Michigan agencies, courts, lawyers and judges to deprive her of her visitation rights to her grandchildren and her due process rights to fully present her concerns in the children's custody case. (*Id.* at pp. 14-18).

---

[2] This order was part of a larger child custody proceeding. *See* Sanilac County Circuit Court Case No. 12-35617-NA1-3.

3

On August 14, 2014, Plaintiff filed this pro se suit on behalf of herself and her three grandchildren against four government institutions,[3] 19 named individuals,[4] and 1-100 "Jane and John Does," (collectively, "Defendants"), alleging 14 violations of Michigan state law and the United States Constitution. (Dkt. 1). She asks the Court to (1) rescind Judge Ross's order denying her motion for custody and removing the suspension of her visitation privileges, (2) grant her temporary custody of the children, (3) hold Defendants accountable for their violations, (4) award her $4.4 million in damages from each Defendant, and (5) revoke Defendants' professional credentials as they pertain to the care and supervision of minors. (*Id.* at p. 25).

On September 8, 2014, the Court[5] dismissed Plaintiff's state law claims, and retained only Plaintiff's counts alleging federal claims under 42 U.S.C. § 1983 ("§ 1983"), including Count XII (claiming violations of her First Amendment Right to Familial Association), Count XIII (violations of her Fourth Amendment Rights), and

---

[3] The Michigan Department of Human Services ("MDHS"), Sanilac County Department of Human Services ("SDHS"), Sanilac County Department of Child Protective Services ("SCPS"), and Sanilac County.

[4] Sanilac County Magistrates Russell W. Clark and Heather Zang, Sanilac County Circuit Court Judges David L. Clabeusch and Gregory S. Ross, Sanilac County Assistant Prosecuting Attorney Eric Scott, Court-appointed Guardians Ad-Litem Elaine Borkowski and Heather Main, attorney Elizabeth Wisenbaugh, MDHS social workers Richard Foster, Heidi Krause, Kris Kreger, Shelly Marner, Jamie Reinke, Jodi Shinn, William Weston, Deborah Walbecq, and Steve Yager, and Patrick R. Quintano Sr. and Jeanette Tropf-Quintano.

[5] This case was initially assigned to the Honorable Lawrence P. Zatkoff, who passed away on January 22, 2015. The case was re-assigned to the undersigned on February 12, 2015.

Count XIV (violation of her Fourteenth Amendment Right to Due Process).[6] (Dkt. 3). On October 9, 2014, the Court dismissed Plaintiff's claims against Mr. Quintano and Ms. Tropf-Quintano, as Plaintiff's constitutional claims were not applicable to private parties. (Dkt. 11).

On October 17, 2014, Defendants DHS and its named employees, Defendant Borkowski, and Defendants Sanilac County and its named employees all filed motions to dismiss. (Dkt. Nos. 14-16).[7] On October 22, 2014, Defendants CPS and DHS filed a motion to dismiss. (Dkt. 21). On October 29, 2014, Judge Ross filed a motion to dismiss. (Dkt. 22). Finally, on December 16, 2014, Defendant Borkowski filed a motion for sanctions. (Dkt. 29). The motions were fully briefed and the Court took them under advisement pursuant to E.D. of Mich. L.R. 7.1(f)(2) without oral argument on April 22, 2015. (Dkt. 31).

## II. ANALYSIS

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556

---

[6] Although Plaintiff's pro se complaint does not number her counts, in a previous order Judge Zatkoff numbered her claims for purposes of this litigation. (Dkt. 3).

[7] Defendants Sanilac County and its named employees also filed three duplicate motions to dismiss. (Dkt. Nos. 17-19).

U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir.2001). A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. See *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar.30, 2011).

**B. Plaintiff Fails to State a Claim on which Relief can be Granted.**

As discussed previously, all but three of Plaintiff's claims were previously dismissed by the Court, leaving only her claims under § 1983 for alleged violations of her First, Fourth and Fourteenth Amendment rights. (Dkt. 3).

The Court begins with Plaintiff's Fourteenth Amendment Due Process claim. In order to prevail on a due process claim under §1983, a plaintiff must sufficiently allege that a person acting under color of state law "deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013).

Plaintiff fails to plead a Fourteenth Amendment claim because grandparents do not have a fundamental right to grandparent visitation. "In an ideal world, parents might always seek to cultivate the bonds between grandparents and their grandchildren." *Troxel v. Granville*, 530 U.S. 57, 70 (2000). However, as the Supreme Court explained in *Troxel*, the child's parents, not the grandparents, have a fundamental right to "make decisions concerning the care, custody, and control of their children." *Id.* at 66; *see also Miller v. California*, 355 F.3d 1172, 1175 (9th Cir. 2004) ("While there is no question that parents have a constitutionally protected liberty interest in making decisions about the care, custody, and control of their children … we have never held that any such right extends to *grandparents*.") (italics in original) (internal citation omitted); *Brinkley v. Brinkley*, 277 Mich. App. 23, 31 (2007).

Absent a constitutional or federal statutory right to grandparent visitation, Plaintiff cannot bring a Fourteenth Amendment Due Process claim regarding her canceled grandparent visitation rights, and thus she has not plead a Fourteenth Amendment claim. This claim must therefore be dismissed.

Plaintiff also raises a First Amendment claim regarding her right to familial association. Although she never cites it in her complaint or in her numerous responses, it appears that Plaintiff is referring to *Moore v. City of East Cleveland, Ohio*, 431 U.S. 494 (1977). In *Moore*, the Supreme Court invalidated a city ordinance that made it illegal for a grandmother to live with her son and grandson because of the fundamental right to familial association. *Id.* at 506. As explained by the Ninth Circuit Court of Appeals in *Miller*, *Moore* is inapplicable where a grandparent is in a custody dispute with a parent because "[i]n *Moore*, there was no conflicting interests at stake in the grandchildren's living arrangement…" 355 F.3d at 1176. Because the right to familial association does create a fundamental right of grandparents to have custody of their grandchildren, Plaintiff has failed to plead a First Amendment claim. This claim is consequently subject to dismissal.

Lastly, Plaintiff alleges that her Fourth Amendment rights were violated. In her complaint, Plaintiff mentions the Fourth Amendment in passing twice. At no point does she provide any details regarding the alleged Fourth Amendment violations. This is precisely the type of "[t]hreadbare recitals of the elements of a cause of action" insufficient to plead a claim under *Iqbal*. 556 U.S. at 678. Further, to the extent that Plaintiff is alleging that the children were improperly seized, the

8

Court notes that Plaintiff cannot bring this claim pro se on behalf of the children. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.").

Therefore, because Plaintiff has failed to state a claim for relief under either the First, Fourth, or Fourteenth Amendment, the Defendants' motions to dismiss **ARE GRANTED**.

### C. Defendant Borkowski's Motion for Sanctions

Defendant Borkowski requests that the Court sanction Plaintiff pursuant to Fed. R. Civ. P. 11(b). She asserts that she has "incurred significant out of pocket attorney fees [sic] defending this frivolous lawsuit." (Dkt. 29 at p. 2).

Under Fed. R. Civ. P. 11(b),

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

>after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If the Court determines that any of these requirements are not met, then it can order "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Ms. Borkowski alleges that (1) Plaintiff's pleading has no reasonable factual basis, (2) Plaintiff's pleading is not based on a legal theory that has a reasonable chance of success, and (3) Plaintiff filed the pleading in bad faith and for an improper purpose. (Dkt. 29).

The Court is required to impose sanctions on an attorney who violates Rule 11. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). However, courts have greater latitude in sanctioning plaintiffs who represent themselves pro se. *See* Fed. R. Civ. P. 11 1983 advisory committee's note ("Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations."). Courts have generally refrained from sanctioning pro se plaintiffs under Rule 11 unless the plaintiff has filed multiple frivolous claims, *see Ricketts v. Midwest Nat. Bank,* 874 F.2d 1177, 1182 (7th Cir. 1989); *Soling v. New York State*, 804 F. Supp. 532, 538 (S.D.N.Y. 1992); *Reinert v. O'Brien*, 805 F. Supp. 576, 579 (N.D. Ill. 1992) ("This

10

court adheres to the principle that pro se parties shall be sanctioned under Rule 11 only after successive attempts to press a wholly frivolous claim."), or if the plaintiff's sole objective was to delay litigation and force the defendants to incur significant expenses. *Durant v. Traditional Invs., Ltd.*, 135 F.R.D. 42, 49 (S.D.N.Y. 1991). Although the Court finds that Plaintiff's allegations are meritless, this is the first occasion in which she has brought her claims in federal court. Plaintiff is not a frequent litigant; a search of the docket reveals that she has previously filed one other, unrelated action with this Court in 2007. The Court is also cognizant of the fact that Plaintiff's ultimate concern is with the welfare of her grandchildren, who unfortunately appear to have lacked a stable home life. Considering these circumstances, the Court finds it inappropriate to impose sanctions on Plaintiff in this matter at this time. Should Plaintiff engage in litigation that violates Rule 11 in the future, the Court may take a different view of the need for sanctions. Accordingly, Defendant Borkowski's motion for sanctions **IS DENIED**.

//
//
//
//
//
//

### III. CONCLUSION

For the reasons set forth above, the Motions to Dismiss (Dkt. 14, 15, 16, 21, 22) **ARE GRANTED**. Defendant Borkowski's Motion for Sanction (Dkt. 29) **IS DENIED** and the duplicate motions to dismiss (Dkt. 17, 18, 19) **ARE DENIED** as moot.

**SO ORDERED.**

Dated: September 24, 2015                s/Terrence G. Berg
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 24, 2015, using the CM/ECF system, which will send notification to all parties.

                                         s/A. Chubb
                                         Case Manager